UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JAMES KYLE BELL,<br><br>　　　　　Defendant. | No. 21-CR-00284 (JDB)<br><br>Sentencing: December 6, 2021 |

**UNITED STATES'S REPLY TO DEFENDANT'S
 MEMORANDUM IN AID OF SENTENCING**

After stealing over $1.1 million from the taxpayers along with over $300,000 from political donors, the defendant has now made the wild suggestion that he should be sentenced to sixteen months of house arrest— in essence, an extended "time out" at home with his family members—and that he should never spend a moment of his life in the custody of the Bureau of Prisons. (Dkt.[1] 15 at 1, 14.) This proposal is misguided and should be rejected by the Court.

There is no precedent for such a lenient sentence in any case that involves PPP loan fraud or the operation of a scam PAC—let alone both. The government has presented numerous examples to the Court of defendants receiving substantial periods of incarceration for both of those types of cases. (Dkt. 14 at 13.) The defendant points (at 6) to *United States v. Zhang*, as offering "important guidance" but gives scant analysis of the facts. While it is correct that Zhang received a below-guidelines sentence, the defendant in that case only obtained $16,500 in actual proceeds from his CARES Act scheme and made full restitution by depositing that entire amount in the Court's registry before sentencing. *See Zhang*, No. 20-CR-169 (W.D. Wa.) (DE 47 at 1).

---

[1] "Dkt." refers to the docket entries in the case at bar available on ECF. The abbreviation "DE" denotes the docket entries available on ECF in other referenced cases.

Likewise, the defendant's reference (at 6) to the facts in *United States v. Jaafar* leaves out important details. The defendant in *Jaafar* obtained only $220,573 in actual proceeds from the fraudulent PPP loans, and returned all of those proceeds to the government through forfeitures at the time of sentencing. *See Jaafar*, No. 20-CR-185 (E.D. Va.) (DE 60 at 1; DE 70 at 2).

*Zhang* and *Jaafar* simply do not support the defendant's request for a non-custodial sentence. Both of those cases involved much smaller actual losses to the government. Both of those cases involved defendants who returned 100 percent of their criminal proceeds to the government which was the only victim. And in both of those cases, the defendants were actually sentenced to serve jail time. *Cf. Zhang*, (DE 53 at 2); *Jaafar*, (DE 67 at 2). This stands in sharp contrast to the case at bar in which the defendant actually obtained more than $1.1 million in proceeds from his PPP loan fraud and—even after the forfeitures of Mr. Bell's known bank accounts and funds—will fall short of making full restitution to the government and his victims by over $850,000. A non-custodial sentence for the defendant here would be wholly inconsistent with the sentences in *Zhang* and *Jaafar*.[2]

The defendant also plays fast and loose with the facts in an effort to minimize his crimes. For example, one of the defendant's loans was cancelled before funding; the proceeds were not "voluntarily" returned to the lender. (Dkt. 5 ¶¶ 50-51; Dkt. 14 at 2.) He also claims (at 4) that he "made over [$]100,000" in refunds to donors to the Best Days Lie Ahead Committee. Sure. But those proceeds were actually returned by the fundraising platform he used once the platform's operators discovered he was running a scam PAC.[3] And it is somewhat disingenuous

---

[2] Just this week, in *United States v. Lee E. Price, III*, Case No. 4:20-cr-522-1 (S.D. Texas), the defendant was sentenced to 110 months in custody and ordered to pay $1.6 million in restitution (DE 11/29/21) after pleading guilty to fraud and money laundering counts based upon his filing two fraudulent PPP loan applications through which he obtained that amount.

[3] The defendant directly made the following statement in a recorded interview with the FBI: "[The fundraising platform] said it was they were getting complaints because people thought it was the actual Biden campaign trying

for the defendant to suggest (at 4) that "[m]uch of the PPP funds were intact when seized" when the government has yet to locate $862,000 of those criminal proceeds.

In a further effort to buttress his request for a below-guidelines sentence, the defendant claims (at 6) that the sentencing guidelines "overstate[ ] the serious[ness] of the offense" because the "intended [loss] amount and the amount derived from bank[s] are duplicative in nature." This is nonsense. Four of the defendant's PPP loans resulted in *actual* losses to the government of $1,139,836. The defendant also fleeced KAGC's donors for *actual* losses of $246,751.45. The intended losses here consist of one cancelled loan ($521,625) and the "refunds" to BDLAC donors ($100,000) which are entirely separate. There is nothing "duplicative" about them.

Finally, even after submitting a substantial sentencing memorandum supported by character letters and evidence, the defendant has still provided no explanation of his cryptocurrency assets which by their very nature cannot easily be traced by the government without further information from the defendant. This silence speaks volumes. At a minimum, it shows that the defendant has failed to keep the promise he made in his plea agreement "to disclose fully all assets in which [he] has any interest or over which [he] exercises control." (Dkt. 4 at 8.) The failure to keep that promise demonstrates an absence of remorse for the losses to his victims. And, perhaps more concerning, the defendant's silence on this subject could suggest he still controls substantial financial assets that represent the laundered proceeds of his crimes which he has no intention of returning to his victims.

---

to raise money. And I said well we have disclaimers that say it's not. It's our-- it's this committee, it's not the Biden committee or whatever. But we never got any money to come in, they just refunded everything."

The defendant's request for a guideline variance should be denied.

                    Respectfully submitted,

                    MATHEW M. GRAVES
                    United States Attorney

By: _____
      JOHN W. BORCHERT (Bar No. 472824)
      ELIZABETH A. ALOI
      Assistant United States Attorneys
      Fraud & Public Corruption Section
      555 Fourth Street, NW
      Washington, D.C.  20530
      (202) 252-7679

December 3, 2021

CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of December 2021, I caused a copy of the foregoing to be served on counsel for the defendant via the court's ECF system.

                                                                                                 JOHN W. BORCHERT
                                                                                                 Assistant United States Attorney