UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | No. 21 CR 284 (JDB) |
| | : | |
| | : | Sentencing Date: 12/3/21 |
| JAMES KYLE BELL, | : | |
| Defendant. | : | |

**RESPONSE TO THE GOVERNMENT'S REPLY
TO MR. BELL'S SENTENCING MEMORANDUM**

Mr. Bell, through counsel, submits this response to the government's reply to Defendant's sentencing memorandum. The government argues that Mr. Bell's request that he be sentenced to home incarceration is a "wild suggestion." *See* Gov't Reply at 1. Notwithstanding the government's criticism of Mr. Bell's position, it is the appropriate sentence based on the circumstances of this case.

The country is in the throes of a tumultuous pandemic with two new variants that have emerged.[1] Pursuant to the CARES Act Mr. Bell's sentencing is being held remotely because is in the interests of justice to do so. On April 13, 2021, the Bureau of Prisons (BOP) updated its guidance related to COVID-19 and home confinement.[2] The suggestion is that individuals currently in BOP custody be released to home confinement if certain criteria are met.

Mr. Bell is unvaccinated. He suffers from Chron's disease which is a chronic disease that causes inflammation in the digestive tract. Flare-ups may be induced by stress and cause pain and even immobility.[3]

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/variants/omicron-variant.html
[2] https://www.fd.org/sites/default/files/news/2021.4.13_-_bop_home_confinement_cares_memo.pdf
[3] https://www.mayoclinic.org/diseases-conditions/crohns-disease/symptoms-causes/syc-20353304.

With a suppressed immune system, Mr. Bell is more likely to develop severe consequences should he contract COVID-19.[4]

Mr. Bell, therefore, requests that this Court exercise its discretion, and sentence him to a period of sixteen months incarceration, suspended as to all, and in light of the BOP memo place him on an equivalent period of home confinement. This is by no means a "time out" as described by the government. *See* Gov't Reply at 1. Alternatively, the Court should impose a sentence of eighteen months of incarceration, and in light of the BOP memo, suspend imposition of the sentence, and place Mr. Bell on an equal period of home confinement for eighteen months.

The government's critique of Mr. Bell's argument of the facts as being "fast and loose", *see* gov't memo at 2, is flatly wrong. Mr. Bell's point in ¶ 33 of the PSI, was to inform the writer that he did not receive the $100,000 in funds. The government takes a quote from Mr. Bell's interview with the FBI, where Mr. Bell fully cooperated and consented to an interview without counsel, and admitted his involvement. Mr. Bell was not trying to hide or minimize his conduct. The point related to the refunds was that he did not enrich himself from those proceeds and that donors were refunded.

Regarding the $860,000 that the government has not recovered, the FBI seized Mr. Bell's accounts and the USAO scoured Mr. Bell's bank records. The government has not and cannot point to one instance of luxury or exortbitant spending. Because that is not what happened here. While it is not in dispute that Mr. Bell misappropriated funds, he used the majority of those funds to pay delinquent bills, business operating costs, and household expenses for his wife and children.

---

[4] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html

The government's claim that Mr. Bell's argument that "the guidelines overstate[ ] the serious[ness] of the offense" because the "intended [loss] amount and the amount derived from bank[s] are duplicative in nature" is nonsense, is misguided. This was a clear reference to sections in the guidelines which enhance Mr. Bell's conduct separately pursuant to §§2B1.1(a)(1) and 2B1.1(b)(17)(a). There is nothing nonsensical about Mr. Bell's position.

The cryptocurrency information is attached as Exhibit A. Mr. Bell provided this information during the PSI, and has never intended to hide his minimal assets. He is also willing to cash out the cryptocurrency and deposit the funds into the Court's registry. In addition to the letters previously provided, please see two supplemental letters on behalf of Mr. Bell.

WHEREFORE, for all reasons stated above and any that may appear to the Court during the sentencing hearing, Mr. Bell respectfully requests that the court impose a variance, and sentence him to a period of sixteen months incarceration, suspended as to all, and in light of the BOP memorandum, place him on an equivalent period of home confinement.

Respectfully submitted,

/s/ Brandi Harden

_____
Brandi Harden
Bar No. 470706
Counsel for James Kyle Bell
Harden|Pinckney, PLLC
400 7th Street Suite 604
Washington, DC 20004
bharden@hardenpinckney.com