UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | No. 21 CR 284 (JDB) |
| | : | |
| JAMES KYLE BELL, | : | |
| Defendant. | : | |
| | : | |

### DEFENDANT'S MOTION TO AMEND JUDGMENT

Pursuant to Federal Rule of Civil Procedure 60(b)(6), Mr. James Bell, through counsel, respectfully moves this Court to amend its December 9, 2021, Judgment. During Mr. Bell's December 6, 2021, sentencing hearing, counsel requested that the Court recommend to the Bureau of Prisons (BOP) that Mr. Bell be placed at FCI Lompac, CA. Mr. Bell now respectfully requests that the Court amend its recommendation to FCI Seagoville, in Dallas, Texas. The government takes no position this request.

### BACKGROUND

On December 6, 2021, Mr. James Bell was sentenced to forty-six months of incarceration, to be served at FCI Lompac, CA. On December 9, 2021, the Court issued its Judgment which reflected the recommendation to BOP for FCI Lompac. *See* ECF No. 24. Mr. Bell is awaiting notification from BOP of his surrender date to the facility.

Counsel's request for FCI Lompac was based primarily on its proximity to Mr. Bell's residence with his wife and four minor children. However, with Mr. Bell's impending absence, his family is preparing to relocate to Dallas, Texas. Mr. Bell was unaware at the time of sentencing, whether, and if so, where his family might relocate after the sentencing hearing was held.

18 USC §3641 (b) states that BOP will "place the prisoner in a facility as close as practicable to the prisoner's primary residence, and to the extent practicable, in a facility within 500 driving miles of that residence." FCI Lompac in California would not be the closest facility to Mr. Bell's residence in Dallas, TX, and would impose a severe hardship on Mr. Bell's family.

## ARGUMENT

A motion filed more than ten days after the entry of judgment is considered a motion seeking relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. *McMillian v. District of Columbia*, 233 F.R.D. 179, 179 n.1 (D.D.C. 2005). Additionally, the moving party seeking relief from the judgment bears the burden of proof. *Mazengo v. Mzengi*, 542 F. 2upp. 2d 96, 100 n.3 (D.D.C. 2008).

Pursuant to Rule 60(b), a district court "may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Here, because information related to Mr. Bell's relocation to Dallas, Texas was unknown to counsel at the time of the sentencing, and manifest injustice will result should the Court maintain the recommendation to a BOP facility more than 500 miles away, this Court should amend its Judgment and recommend FCI Seagoville, TX.

**CONCLUSION**

For the foregoing reasons, for any other reasons that this Court may deem just and proper, Mr. respectfully requests that the Court grant this motion and amendment its Judgment to reflect FCI Seagoville, TX.

Respectfully submitted,

/s/ *Brandi Harden*

_____
Brandi Harden
Bar No. 470706
Counsel for James Kyle Bell
Harden|Pinckney, PLLC
400 7th Street, N.W. Suite 604
Washington, DC 20004
bharden@hardenpinckney.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 11, 2022, I caused a copy of the foregoing motion to be served on counsel of record via ECF.

/s/ *Brandi Harden*
_____
Brandi Harden, Esq.