UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 21-CR- 00284 (JDB)** |
| v. | : | |
| | : | |
| **JAMES KYLE BELL,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

## MOTION FOR FINAL ORDER OF FORFEITURE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully requests that the Court, pursuant to Federal Rule of Criminal Procedure 32.2, issue a Final Order of Forfeiture for the following:

a. $4,900 deposited by BELL into an account at Bank of America on or about December 22, 2020, and returned to BELL by Bank of America in a check which is currently held in trust by counsel for the defendant;

b. $2,494.32 in funds seized from an account in the name of "Keep America Great Committee LLC" with Bank of America (account ending 8457)

c. $2,934.43 in funds seized from an account in the name of "James Kyle Bell Amy Arlit" with Bank of America (account ending 5884)

d. $187,480.58 in funds seized from an account in the name of "James Kyle Bell" with Bank of America (account ending 2519)

e. $257,516.63 in funds seized from an account in the name of "Keep America Great Committee LLC" (account ending 8444)

f. $68,702.10 in funds seized from an account in the name of "Red Five LLC" (account ending 1400).

In support thereof, the government states the following:

1.	On May 17, 2021, the defendant, James Kyle Bell, pleaded guilty before the Honorable John D. Bates to a one count Information charging him with wire fraud in 18 U.S.C. § 1343.

2.	The Information provided notice that upon conviction of the offense in Count One, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense; and that the United States would seek a forfeiture money judgment against the defendant in the amount of $862,560.19. *See* Information, ECF No. 1. The Information also provided notice to the defendant that, pursuant to 21 U.S.C. § 853(p), substitute property of the defendant was subject to forfeiture.

3.	As part of the defendant's plea agreement, the defendant consented to the entry of a forfeiture money judgment in the amount of $862,560.19, and the forfeiture of the property identified in paragraphs a-f, above. *See* Plea Agreement, ECF No. 4 at 8-9.

4.	On May 17, 2021, this Court entered a Preliminary Order of Forfeiture forfeiting the aforementioned property and $862,560.19, in the form of a money judgment, to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). *See* Order, ECF No. 9. The Consent Order was final as to the defendant pursuant to FED. R. CRIM. P. 32.2(b)(4)(A).

5.	On February 10, 2022, the Court sentenced the defendant and incorporated the Preliminary Order into the judgment. *See* ECF No. 24.

## APPLICABLE PROCEDURE

6.	Federal Rule of Criminal Procedure 32.2(e)(2)(B) recognizes that an order of forfeiture for substitute property does not address any interest that a third party may have in that property. It provides that following the entry of the order, the court must conduct an ancillary

proceeding under Rule 32.2(c) "if a third party files a petition claiming an interest in the property." *Id.* 32.2(e)(2)(B).

7. The purpose of the ancillary proceeding is to "resolve" any third-party claims to specific property subject to a forfeiture order. *United States v. Cox*, 575 F.3d 352, 358 (4th Cir. 2009); *see also* FED. R. CRIM. P. 32.2(b)(2)(A) (Determination of third-party interest is "deferred until any third party files claim in an ancillary proceeding."). The Government commences the ancillary proceeding by publishing notice of the forfeiture order and "send[ing] notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture." FED. R. CRIM. P. 32.2(b)(6)(A); see also 21 U.S.C. § 853(n)(1) (Government must publish notice of the order and "may also, to the extent practicable provide direct written notice to any person known to have alleged an interest in the property."). A third party asserting a legal interest in forfeited property must "petition the court for a hearing to adjudicate the validity" of the interest within the earlier of thirty days of the final publication of notice or the receipt of direct written notice. 21 U.S.C. § 853(n)(2).

8. In accordance with Federal Rule of Criminal Procedure 32.2(b)(6) and 21 U.S.C. § 853(n)(1), the United States published notice of the forfeitures on the Government's official internet site, www.forfeiture.gov, from May 22, 2021, to June 20, 2021. *See* Exhibit 1, Declaration of Publication.

9. The United States is not aware of any person who reasonably appears to have an interest in the assets and thus did not send direct written notice of the Consent Order to any third parties.

10. The time period for claiming an interest in the assets under 21 U.S.C. § 853(n)(2) has expired. No person has filed a petition with this Court asserting an interest in the assets. The Consent Order is now a final order as to third parties. See FED. R. CRIM. P. 32.2(c)(2) ("If no third

party files a timely petition, the preliminary order becomes the final order of forfeiture"). Any interest that a third party may have had in the properties has been "extinguishe[d]." *United States v. Marion*, 562 F.3d 1330, 1339 (11th Cir. 2009) ("The failure to file a petition within . . . thirty-day time period extinguishes a third-party's interests.").

Wherefore, the government respectfully requests that the Court enter the attached Final Order of Forfeiture.

                                          Respectfully submitted,
                                          MATTHEW M. GRAVES
                                          United States Attorney

By:    /s/*Elizabeth Aloi*
        JOHN W. BORCHERT (Bar No. 472824)
        ELIZABETH ALOI (Bar No. 1015864)
        Assistant United States Attorneys
        601 D Street, NW
        Washington, D.C. 20530
        (202) 252-7679 (Borchert)
        (202) 252-7212 (Aloi)
        john.borchert@usdoj.gov
        elizabeth.aloi@usdoj.gov